## John Williams v. Mary Ann Guarde.

*Services in aid of prostitution: Brothel: Mistress.    A recovery in a court of justice for services performed in aid of prostitution, as mistress of a brothel, etc., is not permissible; such services have no value whatever in law.*

WILLIAMS v. GUARDE.

*Defense based on one's own turpitude: Costs.* On reversing the judgment because of the iniquity of the transactions out of which the claim arises, costs will not be awarded to the plaintiff in error for being successful in a defense based on his own turpitude.

*Heard April 12.     Decided April 20.*

Error to Muskegon Circuit.

*McReynolds & Keating,* for plaintiff in error.

*C. C. Chamberlain,* for defendant in error.

COOLEY, CH. J:

The suit in the court below was by a woman to recover the value of personal property detained from her by the defendant, and also to recover the value of services performed by her for defendant in a house of prostitution of which he was proprietor.    For the property she failed to recover; for the services she had judgment at the rate of five dollars per week.    The services, according to plaintiff's testimony, consisted in household work, tending the bar of the establishment, and a part of the time acting as its mistress and managing the inmates.    On this branch of the case, which ought to have been rejected at once as unworthy of the attention of a court of justice, a great deal of evidence was taken, and the disgusting details of brothel management were brought out and given to the jury.    The charge of the circuit judge puts the case to the jury fairly if the evidence were such as to justify it; but when the case is clearly and unmistakably one in which the plaintiff is seeking to recover for services performed in an immoral and criminal business, there is no basis whatever for instructions to the jury which leave them at liberty to separate the services from the business and to render a judgment for their value irrespective of the purpose which they were to subserve.    On the plaintiff's own testimony it is perfectly manifest that she entered the defendant's service knowing all about it, and that she performed the labor she demands

pay for in aid of prostitution. The judge on this evidence should have instructed the jury that in law such services have no value whatever.

The judgment must be reversed, but as from the present record it appears probable that the plaintiff may have a good cause of action for the personal property, the cause will be remanded to give opportunity for a new trial on that branch of the case.

As the judgment is not reversed because of any merits in the defense, but because of the iniquity of the transactions out of which the claim arises, and in which the plaintiff in error appears in a light even more discreditable than the woman herself, we shall not give him costs as a reward for being successful in a defense based on his own turpitude.

The other Justices concurred.